IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RODNEY MURPHY,**

**Plaintiff,** **CASE NO.:**

**v.**

**SOUTHERN BROTHERS LANDSCAPE DESIGN & LAWN MAINTENANCE LLC, and DAKOTA BRADHAM, individually,**

**Defendants.**

_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Rodney Murphy ("Plaintiff"), by and through undersigned counsel, sues Defendants Southern Brothers Landscape Design & Lawn Maintenance LLC and Dakota Bradham (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), to recover unpaid overtime wages, an equal amount in liquidated damages, attorneys' fees, and costs.

2. During his employment with Defendants, Plaintiff regularly worked approximately 60 hours per week but was paid a flat weekly sum that failed to

compensate him at the federally required overtime rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 per workweek, in violation of the FLSA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as this action arises under the FLSA, a federal statute.

4. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b), because Defendants conducted and continue to conduct business in this District and Division, and the unlawful conduct giving rise to Plaintiff's claims occurred in this District.

## PARTIES

5. Plaintiff Rodney Murphy is an adult individual who resides at 1609 W. Bowman Avenue, Plant City, Florida 33563.

6. Defendant Southern Brothers Landscape Design & Lawn Maintenance LLC is a Florida Limited Liability Company with its principal place of business at 902 W. Bayshore Drive, Tarpon Springs, Florida 34689. Southern Brothers Landscape Design & Lawn Maintenance LLC's registered agent is Dakota Bradham, located at 902 W. Bayshore Drive, Tarpon Springs, Florida 34689. At all times material hereto, Southern Brothers Landscape Design & Lawn Maintenance

LLC was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Defendant Dakota Bradham is a Manager of Southern Brothers Landscape Design & Lawn Maintenance LLC, whose address is 902 W. Bayshore Drive, Tarpon Springs, Florida 34689. At all times material hereto, Dakota Bradham acted directly or indirectly in the interest of Southern Brothers Landscape Design & Lawn Maintenance LLC in relation to Plaintiff, including supervising Plaintiff's day-to-day work activities, directing Plaintiff's assignments, and exercising authority over the terms and conditions of Plaintiff's employment, including control over the compensation paid to Plaintiff. As such, Dakota Bradham was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and is individually liable under the Act.

## GENERAL ALLEGATIONS

8. At all times material hereto, Southern Brothers Landscape Design & Lawn Maintenance LLC was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that it has had employees engaged in commerce or in the production of goods for commerce, and has had an annual gross volume of sales made or business done of not less than $500,000.

9. At all times material hereto, Plaintiff was individually engaged in commerce or in the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. § 207(a)(1).

## FACTUAL ALLEGATIONS

10. Defendants employed Plaintiff as a landscape on their lawn maintenance crew from approximately April 4, 2022 through approximately July 2026.

11. Throughout his employment, Plaintiff worked out of Defendants' landscaping operation in Palm Harbor, Florida, where he picked up Defendants' truck before beginning his routes.

12. Plaintiff's duties consisted of performing all landscaping and lawn maintenance work at the job sites assigned to his crew.

13. Although Defendants classified Plaintiff as a 1099 independent contractor, Plaintiff was in fact an employee of Defendants. Defendants required Plaintiff and other workers to begin work at 7:00 a.m., provided the routes, equipment, trucks, and customer accounts, and did not permit workers to set their own schedules. Plaintiff performed his work under Defendants' direction and using Defendants' equipment.

14. Plaintiff was paid a flat sum each week regardless of the number of hours he worked. Defendants paid Plaintiff by check, did not provide pay stubs, and did not track Plaintiff's hours through any timekeeping system.

15. Throughout his employment, Plaintiff regularly worked

approximately 60 hours per week.

16. In a workweek of 60 hours, Plaintiff worked 20 hours in excess of the 40-hour threshold mandated by the FLSA. Under the FLSA, Plaintiff was entitled to compensation at a rate of one and one-half times his regular rate of pay for each of those overtime hours.

17. Defendants failed to compensate Plaintiff at the required overtime rate for all hours worked in excess of 40 in each workweek, in willful violation of 29 U.S.C. § 207(a)(1).

18. Defendants knew or should have known of the FLSA's overtime requirements. Defendants' failure to comply with the FLSA was willful within the meaning of 29 U.S.C. § 255(a), entitling Plaintiff to a three-year statute of limitations.

## COUNT I
## Unpaid Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207
## (All Defendants)

19. Plaintiff realleges and incorporates, as if fully set forth herein, the allegations stated in Paragraphs 1 through 18.

20. The FLSA requires covered employers to compensate non-exempt employees at a rate of at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(1).

21. Plaintiff was a non-exempt employee covered by the FLSA's overtime provisions.

22. Throughout Plaintiff's employment, Defendants suffered or permitted Plaintiff to work in excess of 40 hours per workweek without compensating him at the required overtime rate.

23. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages in the form of unpaid overtime wages for the entirety of the applicable limitations period.

24. Plaintiff is entitled to recover his unpaid overtime wages, an equal amount in liquidated damages, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff Rodney Murphy respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, and award the following relief:

a. Unpaid overtime wages for all hours worked in excess of 40 per workweek during the applicable limitations period;

b. An equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

c. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

d. Pre- and post-judgment interest to the extent permitted by law; and

e. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**FLORIN | GRAY**

*s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: MBouzas@floringray.com
Secondary: angela@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone: (727) 220-4000
Facsimile: (727) 483-7942
Attorneys for Plaintiff